United States District Court
Southern District of Texas
**ENTERED**
February 22, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN D PELKO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:24-CV-00008 |
| | § | |
| LUIS REYNA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff John D. Pelko, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, the undersigned recommends that Plaintiff's claims be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915A(b)(1). The undersigned further respectfully recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

**I.    JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

**II.    PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS**

Plaintiff is a post-trial detainee at the Nueces County Jail in Corpus Christi, Texas.[2] Plaintiff sues Nueces County Assistant District Attorney Luis Reyna.  Plaintiff complains Mr. Reyna obtained an illegal 20-year sentence for aggravated assault against him. Plaintiff is currently serving this sentence.  Neither the conviction nor sentence has been reversed or otherwise declared invalid.  Plaintiff also alleges Mr. Reyna was involved in obtaining protective orders against Plaintiff to protect the victims of Plaintiff's offenses.  Plaintiff provides no details of the protective orders, but he does not allege the protective orders have been reversed or otherwise declared invalid.  Plaintiff is seeking monetary damages.

**III.    LAW AND ANALYSIS**

**A. Legal Standard for Screening of Plaintiff's Action**

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

---

[2]Plaintiff's charges, convictions, and additional pending charges are explained in more detail by United States Magistrate Judge Julie Hampton in her M&R to dismiss a case very similar to the instant action.  *Pelko v. Stith*, 2:23-cv-00296 (S.D. Tex. Feb. 8, 2024) (M&R to Dismiss).

*See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief

above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Pleadings filed by *pro se* litigants like Plaintiff are construed using a less stringent standard of review. Documents filed by *pro se* litigants are to be liberally construed, and *pro se* complaints, however inartfully drafted they might be, are held to less stringent standards than formal pleadings drafted by lawyers. *See Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A plaintiff's well-pleaded factual allegations in the complaint are to be taken as true for purposes of screening, but such deference does not extend to conclusory allegations, unwarranted factual inferences, or legal conclusions. *DeMarco v. Davis*, 914 F.3d 383, 386-87 (5th Cir. 2019).

### B. *Heck v. Humphrey*

Plaintiff's claims are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. Plaintiff alleges he is seeking monetary damages. (D.E. 1, Page 4). However, to the extent he may also be seeking non-monetary damages, the *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid. *See Mann v. Denton Cty., Tex.*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

Plaintiff claims the defendant, as the prosecutor in the state criminal case, acted unlawfully in obtaining a sentence that was illegal. Plaintiff does not allege any facts to support his allegations. Plaintiff's allegations that the prosecutor acted unlawfully are entirely conclusory. A ruling in the instant action in Plaintiff's favor "would necessarily imply the invalidity of" his underlying criminal conviction. *Heck*, 512 U.S. at 487. Accordingly, the undersigned recommends Plaintiff's claims be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[3]

### C. Prosecutorial Immunity

In addition to being barred by the principles in *Heck*, Plaintiff's claims against Nueces County Assistant District Attorney Reyna are also subject to dismissal based on the doctrine of prosecutorial immunity. "A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'" *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, (1976)). Prosecutorial immunity protects prosecutors from all liability for their

---

[3] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

actions in connection with their official functions in the judicial phase of criminal proceedings even when they act maliciously, wantonly, or negligently. *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020) (citing *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987))

Plaintiff's claims against Mr. Reyna all involve actions and decisions Mr. Reyna made as a prosecutor in Plaintiff's criminal cases. None of Plaintiff's allegations against Mr. Reyna involve conduct outside his prosecutorial role. Plaintiff's claims against Mr. Reyna are subject to dismissal as barred by the doctrine of prosecutorial immunity.

## V.   RECOMMENDATION

The undersigned recommends Plaintiff not be granted leave to amend because Plaintiff cannot cure the defects in his complaint. Plaintiff cannot overcome the *Heck* bar or prosecutorial immunity. Ordinarily, a *pro se* plaintiff should be granted the opportunity to amend his complaint prior to a dismissal but leave to amend is not required when a plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Allowing Plaintiff to amend would only delay the inevitable dismissal of this frivolous action. Additionally, Plaintiff has filed at least six cases in this Court in the past year and has participated in at least two *Spears*[4] hearings. The undersigned has warned Plaintiff about the three strikes provisions of the Prison Litigation Reform Act. While this Court has not yet entered strikes against Plaintiff, a review of Plaintiff's pending cases

---

4

would indicate that it is only a matter of time because Plaintiff is a persistent filer of frivolous cases.

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned respectfully recommends that Plaintiff's claims be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

The undersigned recommends further that this dismissal **COUNTS** as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted on February 22, 2024.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).